1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES McCARTY; ROBERT                      No.  2:13-CV-00431-KJM-AC
     McCARTY,
12
                      Plaintiffs,
13                                              ORDER

            v.
14
     RUSSELL HUMPHREY, et al.,
15
                      Defendants.
16

17          This matter is before the court on plaintiffs' motion to amend their first amended

18   complaint.  (ECF No. 52-1.)  Defendants oppose the motion.  (ECF No. 54.)  The court decided

19   the matter without a hearing.  As explained below, the court DENIES plaintiffs' motion.

20   I.     BRIEF BACKGROUND

21          This case is brought under Title III of the Americans with Disabilities Act of 1990

22   (ADA), 42 U.S.C. §§ 12101–12213.  (ECF No. 52-1 at 1.)  Plaintiffs are disabled persons who

23   allege the property operated by defendants (the Property) has numerous ADA violations.  (*Id.*)

24   Defendant Russell Humphrey is an attorney, with his office located at the Property.  (*Id.*)

25   Defendant represented a client who previously sued plaintiffs for alleged ADA violations.  (ECF

26   No. 54 at 2.)  Defendant claims plaintiffs' lawsuit against him is "nothing more than [an] attempt

27   to get revenge . . . ."  (*Id.*)

28   /////

                                                    1

1          Plaintiffs commenced this action on March 4, 2013.  (ECF No. 3.)  On September

2    10, 2013, the court adopted the parties' stipulation, dismissing one of the original defendants,

3    Larry Anderson, with prejudice.  (ECF No. 22.)  On September 19, 2013, the court held a status

4    conference at which no one appeared on behalf of defendants.  (ECF No. 24.)  Several days later,

5    the court issued a scheduling order, setting November 18, 2013 as the deadline after which no

6    further joinder of parties or amendments to pleadings was permitted without leave of court.  (ECF

7    No. 25 at 2.)  Subsequently, before the amendment deadline, on November 13, 2013, plaintiffs

8    filed their First Amended Complaint, which is the operative complaint in this case.  (ECF No.

9    29.)  Eventually, after several extensions and a warning by the court, defendants filed their First

10   Amended Answer on January 15, 2014.  (ECF No. 46.)  By the instant motion, filed on

11   September 16, 2014, plaintiffs seek to file a second amended complaint to add new barriers that

12   plaintiffs' expert allegedly identified during the Property's last inspection on July 2, 2014 (ECF

13   No. 52 at 1) and to reinstate previously dismissed David Figone and Larry Anderson as

14   defendants (*id.* at 2).

15   II.      LEGAL STANDARD

16          A party seeking leave to amend pleadings after the deadline specified in the

17   scheduling order must first satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard.

18   *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992).  Rule 16(b)(4)

19   states that a "schedule may be modified only for good cause and with the judge's consent."  This

20   good cause evaluation "is not coextensive with an inquiry into the propriety of the amendment

21   under . . . Rule 15."  *Johnson*, 975 F.2d at 609.  Distinct from Rule 15(a)'s liberal amendment

22   policy, Rule 16(b)'s good cause standard focuses primarily on the diligence of the moving party,

23   *id.*, and that party's reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified

24   Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

25          If good cause exists, the party next must satisfy Rule 15(a).  *Cf. Johnson*, 975 F.2d

26   at 608 (citing approvingly *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987), for its

27   explication of this order of operations).  Federal Rule of Civil Procedure 15(a)(2) states "[t]he

28   court should freely give leave [to amend its pleading] when justice so requires" and the Ninth

1    Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil*

2    *Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  "In exercising its discretion [regarding granting or

3    denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 — to

4    facilitate decision on the merits rather than on the pleadings or technicalities.'"  *DCD Programs,*

5    *Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977,

6    979 (9th Cir. 1981)).  However, "the liberality in granting leave to amend is subject to several

7    limitations.  Leave need not be granted where the amendment of the complaint would cause the

8    opposing party (1) undue prejudice, (2) is sought in bad faith, (3) constitutes an exercise in

9    futility, or (4) creates undue delay."  *Ascon Props.*, 866 F.2d at 1160 (internal citations omitted).

10   III.    DISCUSSION

11           Here, plaintiffs have not met their burden of establishing good cause under Rule

12   16(b).  As noted, the court's scheduling order expressly specified November 18, 2013 as the

13   deadline for any party to amend pleadings or to add new parties.  (ECF No. 25 at 2 (stating "no

14   further joinder of parties or amendments to pleadings is permitted after November 18, 2013

15   without leave of court, good cause having been shown")).  Plaintiffs are seeking to file a second

16   amended complaint almost a year after the deadline set forth by the court.  (ECF No. 52.)

17   However, in so doing, plaintiffs address only Rule 15 requirements in their moving papers.  (*See*

18   *generally id.*)  The only statement in plaintiffs' brief that could be construed as relating to the

19   Rule 16 inquiry is the following: "No dates or events already set in the [s]cheduling [o]rder will

20   be affected by this amendment as the new complaint will identify all barriers."  (ECF No. 52-1 at

21   9.)  The court is puzzled by that statement; self-evidently, the 2013 deadline will be affected by

22   allowing an amendment in 2014.

23           Finally, there is not even a scintilla of argument addressing plaintiffs' diligence in

24   seeking the modification of the scheduling order.  Nor do plaintiffs cite to Rule 16 or

25   acknowledge its application in this case.  Because the good cause evaluation under Rule 16(b) "is

26   not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15," *Johnson*,

27   975 F.2d at 609, and because plaintiffs' do not even mention the distinct good cause requirement

28   /////

1   under Rule 16, the court finds plaintiffs have not met their burden in satisfying the good cause

2   requirement under Rule 16.  The court need not reach plaintiffs' Rule 15 argument.

3   IV.     CONCLUSION

4           For the foregoing reasons, the court DENIES plaintiffs' motion.

5           IT IS SO ORDERED.

6   DATED:  October 30, 2014.

7

8   _____
                    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28