UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES McCARTY, ROBERT McCARTY,<br><br>    Plaintiffs,<br><br>  v.<br><br>RUSSELL HUMPHREY, et al.,<br><br>    Defendants. | No. 2:13-cv-0431 KJM AC<br><br><br><br>ORDER |

    This matter is before the court on plaintiffs' October 10, 2014 motion for summary judgment. ECF No. 53. Defendants filed on opposition to the motion on November 7, 2014, ECF No. 64, and plaintiffs filed a reply on November 14, 2014, ECF No. 65. The matter was submitted without oral argument. ECF No. 68. For the reasons explained in this order, plaintiffs' motion is denied without prejudice.

    Plaintiffs James McCarty and Robert McCarty filed this action in March 2013. Plaintiffs allege they encountered barriers to access at a business complex in Lodi, California, identified as Lakeshore Plaza, and at the law office of defendant Humphrey Law Group, which is located within Lakeshore Plaza. They claim violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §12101, *et seq.*; the Unruh Civil Rights, Cal. Civ. Code §51; and the Disabled Persons Act, Cal. Civ. Code § 54. The action is now proceeding on plaintiffs' first amended complaint, filed November 13, 2013. ECF No. 29.

On September 16, 2014, plaintiffs filed a motion for leave to file a second amended complaint. ECF No. 52. Plaintiffs sought to amend their complaint to describe new barriers identified by their expert, Cris C. Vaughan (Vaughan), during an inspection of the property on July 2, 2014, and to reinstate two new defendants. On October 10, 2014, plaintiffs filed their motion for summary judgment. ECF No. 53. By order filed October 31, 2014, the court denied plaintiffs' motion for leave to amend on the ground that they had failed to establish good cause under Federal Rule of Civil Procedure 16(b) for their late motion to amend, filed nearly a year after the November 18, 2013 deadline set by the court for amendment of pleadings or addition of new parties. Order Oct. 31, 2013, at 3, ECF No. 63.

Plaintiffs' motion for summary judgment relies extensively on the findings made by Vaughan following his July 2, 2014 "accessibility survey" of Lakeshore Plaza. *See* Pls.' P. & A. at 17-20, ECF No. 53-10; Decl. of Vaughan ¶¶ 5-6, ECF No. 53-9. As noted above, the court has denied plaintiffs leave to amend their complaint to add new barriers identified by Vaughan at the July 2, 2014 visit. ECF No. 63. Plaintiffs may only seek relief based on the barriers alleged in the operative complaint, here their first amended complaint. *See Oliver v. Ralph's Grocery Company*, 654 F.3d 903, 908-09 (9th Cir. 2011) ("In general, only disclosures of barriers in a properly pleaded complaint can provide" fair notice of the barriers relied on to support request for injunctive relief in ADA action.).

Moreover, the barriers for which relief is sought must have affected plaintiffs' access based on their specific disabilities. *See Chapman v. Pier1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011). In the first amended complaint, plaintiffs allege that many of the alleged barriers were fixed on June 29, 2012 and/or August 12, 2012, ECF No. 29 ¶¶ 34-35, but that some others remained or were discovered on a subsequent visit, ECF No. 29 ¶¶ 36-44, 46. Plaintiffs' request for relief in their summary judgment motion is predicated on Vaughan's expert report. Plaintiffs have not tied the findings of Vaughan's expert report to those barriers identified in the first amended complaint.[1]

---

[1] Even if the court had permitted amendment, which it did not, these plaintiffs would appear to lack standing to challenge several violations identified in the Vaughan report which are not tied

For these reasons, plaintiffs' motion for summary judgment is denied without prejudice, and the court makes no findings concerning the arguments of the parties as presented in support of and in opposition to the motion. Plaintiffs are granted thirty days from the date of this order to file a new motion for summary judgment. The motion must be limited to those barriers identified in the first amended complaint and, as to plaintiffs' prayer for injunctive relief, those which have not been cured.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiffs' October 10, 2014 motion for summary judgment, ECF No. 53, is denied without prejudice.

2. Plaintiffs are granted thirty days from the date of this order in which to file and serve a new motion for summary judgment. Said motion shall be noticed for hearing on this court's regular law and motion calendar and briefed in accordance with the provisions of Local Rule 230.

3. The parties are relieved of the obligation to file a Joint Pretrial Conference Statement until further order of the court.

4. The Final Pretrial Conference set for March 5, 2015 and the Jury Trial set for April 13, 2015 are vacated and will be reset by subsequent order of the court.

DATED: January 29, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

any of plaintiffs' identified disabilities. Vaughan's declaration does not tie any of the alleged violations to plaintiffs' disabilities and some appear completely unrelated. For example, Vaughan declares that as of July 2, 2014 the elevator does not have any raised or Braille characters on the hoistway entrances, ECF No. 53-9 ¶ 6g., but neither plaintiff alleges he suffers any visual impairment.

3