UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES McCARTY, ROBERT McCARTY,<br><br>Plaintiffs,<br><br>v.<br><br>RUSSELL HUMPHREY, et al.,<br><br>Defendants. | No.  2:13-cv-0431 KJM AC<br><br><br><br>ORDER |

This matter is before the court on plaintiffs' March 9, 2015 motion for reconsideration of this court's March 6, 2015 minute order granting defendants' request for a three week extension of time to file an opposition to plaintiffs' February 28, 2015 motion for summary judgment and to continue hearing on the motion for four weeks.

Defendants' request was the first request for an extension of time to file opposition to the summary judgment motion.  In the request, defendants adequately describe the reasons for the request and counsel's unsuccessful efforts to obtain a stipulation from plaintiffs' counsel.  *See* ECF No. 71 at 4-5.[1]  The court therefore exercised its discretion and granted the initial request.  *See* Local Rule 144(c).  By their request for reconsideration, plaintiffs seek an order vacating the

---

[1] Defendants also sought an extension of time to oppose plaintiffs' prior motion for summary judgment.  *See* ECF No. 57.  Unlike the current request, the former request did not include any explanation of efforts to obtain a stipulation from plaintiffs' counsel.  *See* ECF No. 57.

1


minute order and resetting their motion for hearing for March 27, 2015, the date they originally noticed the motion for hearing. Plaintiffs make several contentions in support of their request. For the reason set forth below, plaintiffs' request will be denied.

Review of plaintiffs' current motion for summary judgment, as well as plaintiffs' initial motion for summary judgment, shows that plaintiffs did not comply with the meet and confer certification requirements set forth in the court's September 24, 2013 scheduling order. *See* ECF No. 25 at 4. That order requires counsel to "discuss the issues sufficiently so that if a motion of any kind is filed, including for summary judgment, the briefing is directed only to those substantive issues requiring resolution by the court. Counsel should resolve minor procedural or other non-substantive matters during the meet and confer. **A notice of motion shall contain a certification by counsel filing the motion that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts.**" ECF No. 25 at 4. The court emphasizes that mere certification alone is insufficient; the certification must contain a brief summary of meet and confer efforts and the court expects those to be conducted in good faith.

Failure to comply with a court order may be grounds for imposition of sanctions. *See* Local Rule 110. In the case of noncompliance with this provision of the scheduling order, sanctions could include denial without prejudice or striking of any motion filed without the required certification. Given that the court has extended the time for hearing on the motion, the court will not impose sanctions on plaintiffs' counsel at this time. Instead, plaintiffs' counsel will be directed to initiate the meet and confer process with defendants' counsel forthwith and to file the required certification not later than April 6, 2015, the date on which defendants' opposition to the pending motion for summary judgment is due. If the meet and confer process narrows the issues tendered for resolution in the motion for summary judgment, counsel shall file a supplement to the pending motion for summary judgment so stating.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiffs' March 9, 2015 request for reconsideration, ECF No. 73, is denied;

2. Counsel for plaintiffs shall forthwith initiate the meet and confer process required by the court's September 24, 2013 scheduling order and shall file the certification

1 | required by the scheduling order not later than April 6, 2015 accompanied, as appropriate, by a
2 | supplement to the pending motion for summary judgment; and
3 |       3. Failure to comply with this order may result in the imposition of sanctions.
4 | DATED: March 18, 2015.

                                    UNITED STATES DISTRICT JUDGE