UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES McCARTY and ROBERT McCARTY,<br><br>    Plaintiffs,<br><br>    v.<br><br>RUSSEL HUMPHREY, in his individual capacity; the HUMPHREY LAW GROUP, LAKESHORE TOWER ASSOCIATION; FAIRWAY MANAGEMENT SERVICES, INC.; LODI LAND COMPANY, LLC; MARK T. CHAO; YEN L. CHEN; KERRY M. GIANNONI LIVING TRUST; MIKE MALONEY, LANI K. MALONEY; JOHN FIGONE III TRUST ET AL, and DOES 1-8,<br><br>    Defendants. | No. 2:13-cv-00431-KJM-AC<br><br>ORDER |

Plaintiffs Robert McCarty and James McCarty filed a second motion for summary judgment on February 28, 2015 (ECF No. 70), seeking an order granting injunctive relief under the Americans with Disabilities Act ("ADA") and similar California injunctive relief statutes. On September 15, 2015, the court granted plaintiffs' motion in part and directed plaintiffs to submit a proposed order effecting the injunctive relief granted. Based on plaintiffs' proposed order, the court now orders the following injunctive relief against defendants based on the ADA, the

1

Americans with Disabilities Accessibility Guidelines (ADAAG) and the California Building Code (CBC)/Title 24 of the California Code of Regulations.  (ECF No. 83.)

I.      STAIRWAY HANDRAILS

The handrails at Lakeshore Plaza on both stair cases violate the ADAAG 4.10.7. Defendants must comply and mount the handrails so that the top of the handrail gripping surface is between 34" to 38" above the stair nosing pursuant to ADAAG 4.10.7.  Furthermore, the handrails must be properly returned pursuant to ADAAG 4.9.4.  The nosing must comply with section 4.9.2 and 4.9.3 of ADAAG (ECF No. 83.)  This must be done in ninety (90) days and verified at that time as compliant by a CASp ADA expert in a report to be provided to Plaintiffs' attorneys, barring unforeseen circumstances that are beyond Defendants' control, which must be communicated to Plaintiffs' counsel.

II.     SURFACE SLOPE

Defendants' new double and third disabled parking spaces at Lakeshore Plaza do not meet the slope requirements of the ADAAG 4.3.7 and 4.8 and California Building Code §§ 1133B.7.4, 1124B.2.  (ECF No. 83.)  The new third disabled access aisle surface slope located in the parking lot closest to S. Mills Avenue was measured at 3.9%, which failed to meet the federal and state disabled access code requirements.  (*Id.*)  Defendants must comply with said codes and ensure that those surface slopes do not exceed 2% in the cross and running surface slopes within ninety (90) days from the date of this order.  Compliance is to be verified by a CASp ADA expert and recorded in a CASp report to be sent to plaintiffs' counsel, barring unforeseen circumstances beyond defendants' control, which must be communicated to plaintiffs' counsel.

IT IS SO ORDERED.

DATED: October 16, 2015.

_____
UNITED STATES DISTRICT JUDGE