1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES MCCARTY, et al.,                    No.  2:13-cv-00431-KJM-AC

12                  Plaintiffs,

13          v.                                 ORDER

14   RUSSELL HUMPHREY, et al.,

15                  Defendants.

16

17

18          This matter is before the court on a motion for attorney's fees and costs brought by

19   plaintiffs James and Robert McCarty under the federal Americans with Disabilities Act of 1990

20   ("ADA"), 42 U.S.C. § 12101 *et seq.*, the California Unruh Civil Rights Act ("Unruh Act"), Cal.

21   Civ. Code § 51 *et seq.*, and the California Disabled Persons Act, Cal. Civ. Code § 54 *et seq.*

22   Defendants oppose the motion.  The court submitted the matter as provided by Local Rule 230(g).

23   As explained below, the court GRANTS IN PART plaintiffs' motion.

24   I.     BACKGROUND

25          Plaintiffs James and Robert McCarty are over eighty years old and are physically

26   disabled.  *See* Order at 2, Sept. 15, 2015, ECF No. 93 ("Second Summ. J. Order").  They filed this

27   action on March 4, 2013, after encountering accessibility barriers at the Lakeshore Plaza in Lodi,

28   California (the Property).  *See generally* Compl., ECF No. 3.  Plaintiffs brought claims for

1  violations of the ADA, the Unruh Act, and the California Disabled Persons Act, and a claim for

2  common law negligence.  *See id.*  They sought injunctive relief and statutory damages.  *Id.* at 30–

3  32.  Defendants answered.  ECF Nos. 15–17.  Plaintiffs subsequently filed a first amended

4  complaint, ECF No. 29, and defendants filed an amended answer, ECF No. 46.  Defendants

5  alleged plaintiffs had no subjective intent to use the facilities at issue.  *Id.* ¶ 124.  They alleged the

6  sole purpose of plaintiffs' visit was to seek access to the facilities for purposes of bringing this

7  action and seeking revenge against defendant Russell Humphrey, who had previously filed a

8  separate lawsuit against them.  *See id.*  Mr. Humphrey is an attorney whose office is located at

9  Lakeshore Plaza.  *See* Second Summ. J. Order at 2.  The remaining defendants either own or lease

10  an office at the Plaza.  *See id.*

11          On September 16, 2014, almost a year after the court's deadline for seeking

12  amendment of the pleadings had passed, plaintiffs moved for leave to file a second amended

13  complaint.  ECF No. 52.  On October 10, 2014, before the court had ruled on plaintiffs' motion,

14  plaintiffs moved for summary judgment, relying heavily on new barriers identified in their

15  proposed second amended complaint.  ECF No. 53.  Defendants opposed the motion to amend,

16  ECF No. 54, and requested additional time to respond to the motion for summary judgment, ECF

17  No. 57.  The court initially granted defendants' request for a continuance, ECF No. 58, but then

18  denied the request upon further consideration, ECF No. 61.  On October 31, 2014, the court

19  denied plaintiffs' motion for leave to file a second amended complaint.  ECF No. 63.  Defendants

20  opposed the then-pending motion for summary judgment, ECF No. 64, and plaintiffs replied,

21  ECF No. 65.  On January 29, 2015, the court denied plaintiffs' motion for summary judgment

22  without prejudice to refiling a motion for summary judgment limited to the barriers identified in

23  the operative first amended complaint.  ECF No. 69.

24          Plaintiffs subsequently filed a second motion for summary judgment.  ECF No. 70.

25  Defendants opposed the motion, ECF Nos. 77 & 80, and requested a continuance under Federal

26  Rule of Civil Procedure 56(d) to conduct discovery with respect to DeAnne Caron, the person

27  who performed plaintiffs' initial ADA inspection of the Property, ECF No. 85.  On September 15,

28  2015, the court granted in part and denied in part plaintiffs' second motion for summary

2

1    judgment.  Second Summ. J. Order.  Specifically, the court granted the motion and awarded

2    plaintiffs $8,000 each in statutory damages for their Unruh Act claim based on the insufficient

3    number of handicap-accessible parking spaces at the time of plaintiffs' two visits; granted the

4    motion as to the ADA claims based on non-compliant stairway handrails and surface slope

5    barriers; denied the motion as moot as to the ADA claims based on the lack of a van-accessible

6    parking space and the tow away sign; and denied the motion as to the ADA claims based on the

7    cross-slope of the walkway, the directional signage for the path of travel, the directional sign at

8    the stairway, and the men's restrooms.  *Id.* at 6–10, 13.  The court found defendants jointly and

9    severally liable for the ADA violations.  *Id.* at 10–11.  The court also denied defendants' request

10   for a continuance under Rule 56(d).  *Id.* at 11–13.  To give effect to its September 15, 2015 order,

11   the court later ordered defendants to take actions to ensure compliance as to the stairway

12   handrails and the surface slopes of certain parking spaces based on a proposed order (ECF

13   No. 94) submitted by plaintiffs.  Order, Oct. 16, 2015, ECF No. 95.

14          Thereafter, the parties engaged in settlement discussions regarding any remaining

15   claims.  On November 30, 2015, the parties filed a stipulation and notice of intent to settle, ECF

16   No. 97, and on February 16, 2016, nearly three years after this action was filed, the parties filed a

17   joint request for dismissal with prejudice based on a settlement agreement, ECF No. 106.

18   Defendants agreed to install side and rear grab bars in the men's restrooms, and plaintiffs agreed

19   to dismiss all remaining claims.  *Id.* at 3–4.  The case was dismissed on March 25, 2016, ECF

20   No. 107, and judgment was entered against defendants on April 14, 2016, ECF No. 109, leaving

21   open the question of attorney's fees and costs.

22          On May 12, 2016, plaintiffs moved for attorney's fees and costs.  ECF No. 111

23   ("Mot.").  Defendants opposed the motion, ECF No. 115 ("Opp'n"), and plaintiffs replied, ECF

24   No. 116 ("Reply").

25   II.     LEGAL STANDARD

26          The ADA, Unruh Act, and California Disabled Persons Act each permit recovery

27   by a "prevailing" plaintiff.  42 U.S.C. § 12205; Cal. Civ. Code §§ 52(a), 55.  Such fee-shifting

28   statutes "enable private parties to obtain legal help in seeking redress for injuries resulting from

                                                        3

1  actual or threatened violation of specific . . . laws," *Pennsylvania v. Del. Valley Citizens' Council*

2  *for Clean Air*, 478 U.S. 546, 565 (1986); they are not intended "to punish or reward attorneys."

3  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1047 (9th Cir. 2000).  A plaintiff who

4  enters into a legally enforceable settlement agreement is considered a prevailing party.  *Barrios v.*

5  *Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002).  And because plaintiff here has

6  obtained "substantial relief" on "related" claims, the court may award full fees under either claim

7  and need not distinguish between or among those awarded under each.  *See El–Hakem v. BJY*

8  *Inc.*, 415 F.3d 1068, 1075–76 (9th Cir. 2005); *see also Schwarz v. Sec'y of Health & Human*

9  *Servs.*, 73 F.3d 895, 901–02 (9th Cir. 1995) (discussing *Hensley v. Eckerhart*, 461 U.S. 424, 440

10  (1983)).

11        To calculate recoverable fees, both federal and state courts look to the lodestar,

12  *Hensley*, 461 U.S. at 433; *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131–32 (2001), which is

13  "strong[ly] presum[ed]" to represent a reasonable fee, *Del. Valley Citizens' Council for Clean*

14  *Air*, 478 U.S. at 565; *Hiken v. Dep't of Def.*, No. 13-17073, ___ F.3d ___, 2016 WL 4608147,

15  at *5 (9th Cir. Sept. 6, 2016).  The court arrives at this figure by multiplying the number of hours

16  reasonably expended by a reasonable hourly rate.  *Hensley*, 461 U.S. at 433; *Ketchum*, 24 Cal. 4th

17  at 1131–32.  In "rare and exceptional cases," the lodestar figure may be adjusted by using a

18  multiplier.  *Del. Valley Citizens Council for Clean Air*, 478 U.S. at 565 (internal quotation marks

19  omitted).

20  III.    DISCUSSION

21        A.    Attorney's Fees

22        Plaintiffs seek attorney's fees based on the lodestar without any adjustment.

23  Defendants do not challenge plaintiffs' prevailing party status or entitlement to attorney's fees.

24  Plaintiffs won substantial relief both through the court's order granting in part their second

25  motion for summary judgment, *see* ECF Nos. 93 & 95, and the settlement agreement regarding

26  plaintiffs' claim based on the men's restrooms, ECF No. 106-1.  Neither do defendants challenge

27  plaintiffs' requested hourly rates, specific billing entries, or the requested costs.  Instead,

28  defendants generally challenge the overall fees requested as being "unreasonable and

4

1   extraordinarily excessive," Opp'n at 1, and contend the court should award no more than $20,000,

2   *id.* at 11.  Specifically, defendants argue the requested amount is unreasonable on its face because

3   the case was a typical, straightforward ADA case; there was only one deposition; plaintiffs'

4   counsel has a history of demanding unreasonable attorney's fees; plaintiffs never sought to settle

5   before seeking summary judgment; defendants' attorney's fees are no more than $25,000,

6   approximately one-sixth of the amount requested by plaintiffs; and plaintiffs' motion for leave to

7   amend the complaint and first motion for summary judgment were frivolous.  *See generally id.* at

8   4–14.  Defendants also say there was only one court appearance, *id.*, but as plaintiffs note, there

9   were in fact two court appearances, with defendants failing to appear at the Status (Pretrial

10  Scheduling) Conference held on September 19, 2013.  *See* Reply at 9; *see also* Minutes for Status

11  (Pretrial Sched.) Conf., Sept. 19, 2013, ECF No. 24; Minutes for Mot. Hr'g, May 22, 2015, ECF

12  No. 88.  Defendants again insist this action was a "revenge suit" intended to run up exorbitant

13  attorney's fees.  *Id.* at 2–3.

14          The court will first review the requested hours and hourly rates, and then will

15  consider whether any adjustment to the lodestar is warranted.

16          1.      Reasonable Hours

17          "The prevailing party has the burden of submitting billing records to establish that

18  the number of hours it has requested [is] reasonable."  *Gonzalez v. City of Maywood*, 729 F.3d

19  1196, 1202 (9th Cir. 2013).  The court may reduce the hours "where documentation of the hours

20  is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are

21  deemed excessive or otherwise unnecessary."  *Chalmers v. City of Los Angeles*, 796 F.2d 1205,

22  1210 (9th Cir. 1986), *amended on denial of reh'g by* 808 F.2d 1373 (9th Cir. 1987).  An

23  attorney's sworn testimony "is evidence of considerable weight on the issue of the time required"

24  to perform a task.  *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1081 (N.D. Cal. 2010) (citation

25  omitted); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[In

26  contingency fee cases], [b]y and large, the court should defer to the winning lawyer's professional

27  judgment as to how much time [he or she] was required to spend on the case . . . .").  "[T]he party

28  opposing the fee application has a burden of rebuttal that requires submission of evidence to the

5

1  district court challenging the accuracy and reasonableness of the hours charged or the facts

2  asserted by the prevailing party in its submitted affidavits."  *Hiken*, 2016 WL 4608147, at *7

3  (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992)).

4            Plaintiffs here request a total of 497.56 hours, based on the following general

5  breakdown, rounded to the nearest hour:

6            • Investigation: 11 hours

7            • Case Opening and Related Tasks: 59 hours

8            • Case Management: 8 hours

9            • Motion to Amend the Complaint: 7 hours

10            • Discovery: 87 hours

11            • Law and Motion: 253 hours

12            • Settlement Attempts: 28 hours

13            • Motion for Attorney's Fees: 43 hours

14  Mot. at 14; *see* Corfee Decl. Ex B (detailed billing statement), ECF No. 111-3.  Plaintiffs also

15  seek 10.2 hours spent litigating this motion.  Reply at 9; Corfee Decl. II ¶ 3, ECF No. 116-1.

16  Plaintiffs discounted certain hours as excessive or duplicative and discounted hours incurred in

17  connection with their unsuccessful motion for leave to file a second amended complaint (ECF

18  No. 52), including the portions of the first motion for summary judgment that addressed the

19  proposed amendments (ECF No. 53).  Corfee Decl. ¶¶ 15–16; Reply at 4.

20            Plaintiffs' motion for leave to amend, however, was frivolous and entirely ignored

21  Federal Rule of Civil Procedure 16, so the court finds plaintiffs' counsel should not be

22  compensated for any fees incurred in connection with the motion; no such hours were

23  "reasonably" incurred.  *See* Order at 3–4, Oct. 31, 2014, ECF No. 63.  Accordingly, the court

24  strikes the requested seven hours for the motion to amend.  *See* Mot. at 14.  It is not clear which

25  specific entries plaintiffs' counsel have already discounted in connection with the motion, but it

26  appears they still are requesting .9 hours for Catherine Corfee and 6.1 hours for Arash

27  Khosrowshahi, so the court will reduce their respective hours accordingly.  *See id.*; Reply at 4;

28  Corfee Decl. Ex. B (Sept. 9, 2014 through Oct. 21, 2014); *cf. Fox v. Vice*, 563 U.S. 826, 838

1  (2011) (in determining the fee award, courts need not "achieve auditing perfection" or "become

2  green-eyeshade accountants").

3        The court finds the remaining hours requested to be reasonable.  Although the

4  issues involved were relatively straight-forward, litigation of the case lasted over three years and

5  required substantial motion practice.  It is not facially unreasonable to spend approximately 500

6  hours over the course of three years litigating a case of this type.  Defendants themselves

7  increased the number of hours necessarily expended by missing filing deadlines, requesting

8  continuances, pursuing their "revenge theory" defense, and filing a late, frivolous motion seeking

9  the consideration of new evidence.  *See, e.g.*, ECF Nos. 26, 38, 54, 85, 87.  In choosing their

10  litigation strategy, defendants assumed the risk they would have to reimburse additional expenses.

11  And while plaintiffs have submitted evidence of their specific settlement attempts during the

12  litigation, *see* Corfee Decl. ¶¶ 17–18 & Ex. C, defendants have provided no evidence supporting

13  their claim that plaintiffs never sought to settle, *see* Opp'n at 10–11.  Indeed, defendants provide

14  no evidence that they themselves ever made an effort to settle before the court granted in part

15  plaintiffs' second motion for summary judgment.  *See id.*

16        Defendants also submit a declaration that a former client of plaintiffs' counsel,

17  Ms. Corfee submitted in a prior case in connection with Ms. Corfee's motion to withdraw as

18  counsel in that case.  Weiner Decl., ECF No. 115-3; *see* Opp'n at 8.  Defendants claim this

19  declaration is evidence that Ms. Corfee "routinely misrepresents facts and has a history of

20  overbilling clients."  Opp'n at 8.  The court disagrees and finds the declaration irrelevant to the

21  pending motion for attorney's fees in this case.  Defendants' claims about plaintiffs' counsel's

22  intent are entirely speculative and unsupported by the record in this case.  At the same time, the

23  court denies plaintiffs' request to sanction defendants for filing the declaration, *see* Reply at 1–2,

24  but will award plaintiffs the reasonable hours spent preparing their reply brief, including the time

25  spent responding to the declaration, *see Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th

26  Cir. 2008) ("In statutory fee cases, federal courts, including our own, have uniformly held that

27  time spent in establishing the entitlement to and amount of the fee is compensable." (quoting *In re*

28  *Nucorp Energy, Inc.*, 764 F.2d 655, 659–60 (9th Cir. 1985)).  The court finds the seven hours

1   requested for Ms. Corfee and the 3.2 hours requested for Zachary Best for litigating the fees

2   motion is reasonable.  Corfee Decl. II ¶ 3.

3          The court concludes attorney Corfee reasonably expended 357.86 hours (the

4   requested 351.76 hours + 7 hours for the fees motion – the court's .9-hour reduction); attorney

5   Best reasonably expended 78.2 hours (the requested 75 hours + 3.2 hours for the fees motion);

6   junior associate Khosrowshahi reasonably expended 44.26 hours (the requested 50.36 hours – the

7   court's 6.1-hour reduction); paralegal Tenieshsa Kennedy reasonably expended 5.49 hours; and

8   paralegal Rebecca Dingler reasonably expended 12.26 hours.  *See* Corfee Decl. Ex. A.  The court

9   next determines the reasonable hourly rates.

10                        2.        Reasonable Hourly Rates

11         In determining a reasonable hourly rate for successful civil rights attorneys, courts

12   consider a number of factors, "including the novelty and difficulty of the issues, the skill required

13   to try the case, whether or not the fee is contingent, the experience held by counsel and fee

14   awards in similar cases." *Moreno*, 534 F.3d at 1114; *see also Hiken*, 2016 WL 4608147, at *5

15   (listing similar factors).  "While disability access cases are a subset of civil rights practice, the

16   reasonable hourly rate merited in routine disability access cases typically falls below the hourly

17   rate charged in more complicated civil rights cases." *Johnson v. Patel*, No. 14-2078, 2016 WL

18   727111, at *3 (E.D. Cal. Feb. 23, 2016).

19         "The reasonable rate should generally be guided by 'the rate prevailing in the

20   community for similar work performed by attorneys of comparable skill, experience, and

21   reputation.'" *Hiken*, 2016 WL 4608147, at *5 (quoting *Chalmers*, 796 F.2d at 1210–11).  The

22   relevant community here is the Sacramento Division of the Eastern District of California.  The fee

23   applicant bears the burden of showing that the requested rate is "in line with those prevailing in

24   the community." *Id.* at *6 (quoting *Camacho*, 523 F.3d at 980).  "In general, '[a]ffidavits of the

25   plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate

26   determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are

27   satisfactory evidence of the prevailing market rate.'" *Id.* (quoting *United Steelworkers of Am. v.

28   Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)).

1    Plaintiffs seek hourly rates of $300 for attorney Corfee, $285 for attorney Best,

2  $150 for junior associate Khosrowshahi, $120 for paralegal Kennedy, and $100 for paralegal

3  Dingler.  Mot. at 12–13; *see* Corfee Decl. Ex. A.  The fees in this case were contingent upon

4  plaintiffs prevailing.  Mot. at 17; Corfee Decl. ¶ 17.  Ms. Corfee has over twenty-five years of

5  experience and has specialized in ADA litigation for most of her career, handling approximately

6  1800 ADA cases.  Corfee Decl. ¶ 3.  She started the law firm Corfee Stone & Associates.  *Id.*  Mr.

7  Best has practiced civil rights litigation for twenty-two years, has worked at the firm for a total of

8  approximately ten years, and has handled approximately 250 ADA cases.  Best Decl. ¶¶ 3, 5.  Mr.

9  Khosrowshahi graduated from law school in May 2013, worked as a Federal Public Defender,

10  and then worked at Corfee Stone & Associates from September to November 2014.  Corfee Decl.

11  ¶ 9.  Ms. Kennedy had six years of experience as a paralegal in private practice when she began

12  working on this action.  *Id.* ¶ 7.  Ms. Dingler had been employed at the firm for over a year; she

13  also had previously graduated from law school in London, and was a member of the Bar in

14  England, although it is not clear to what extent she practiced law.  *Id.* ¶ 8.  Plaintiffs cite several

15  cases from this district to show that $260 to $350 is the generally accepted hourly rate for

16  experienced civil rights attorneys in Sacramento.  Mot. at 13 (citing *Kalani v. Nat'l Seating &*

17  *Mobility, Inc.*, No. 13-00061, 2014 WL 3956669 (E.D. Cal. Aug. 13, 2014); *Hall v. City of*

18  *Fairfield*, No. 10-0508, 2014 WL 1286001 (E.D. Cal. Mar. 31, 2014); and *Johnson v. Wayside*

19  *Prop., Inc.*, No. 13-1610, 2014 WL 6634324 (E.D. Cal. Nov. 21, 2014)).

20    This case required a substantial amount of time and labor, but did not involve

21  complex or novel legal issues.  As for Ms. Corfee, who has extensive experience and founded the

22  law firm, the court finds $300 per hour to be an appropriate rate.  *See Kalani*, 2014 WL 3956669,

23  at *2–3; *see also Johnson v. San*, No. 15-162, 2015 WL 7188245, at *5 (E.D. Cal. Nov. 16,

24  2015), *report and recommendation adopted*, 2016 WL 659791 (Feb. 18, 2016) (awarding founder

25  of law firm with twenty-one years' experience handling disability-related issues a rate of $300 an

26  hour).  As for Mr. Best, who is not a partner at the firm but has twenty-two years' experience

27  practicing civil rights litigation, the court finds his rate of $285 per hour is reasonable.  *See*

28  *Wayside Prop., Inc.*, 2014 WL 6634324, at *8; *see also Hall*, 2014 WL 1286001, at *7.  As for

Mr. Khosrowshahi, a junior associate with relatively little experience, the court finds a reasonable rate is at the lower end for associates, $150 per hour. *See Wayside Prop., Inc.*, 2014 WL 6634324, at *8 (awarding an associate with less than two years' experience a rate of $150 per hour; finding range of $150 to $175 is the generally accepted hourly rate for associates in Sacramento).

Plaintiffs have not provided information about the prevailing market rates for paralegals in Sacramento. Based on the court's own research, rates awarded for paralegals in this district have ranged from $75 per hour up to $150 per hour. *See Hall*, 2014 WL 1286001, at *8 (recognizing disagreement among judges and awarding $150 per hour); *see also Kalani*, 2014 WL 3956669, at *3 (awarding rates of $115 per hour and $85 per hour to paralegals with ten and five years' experience, respectively); *Joe Hand Promotions, Inc. v. Albright*, No. 11-2260, 2013 WL 4094403, at *3 (E.D. Cal. Aug. 13, 2013) ("[T]he paralegal rate favored in this district is $75 per hour." (quotation marks and citation omitted)). Given Ms. Kennedy's and Ms. Dingler's experience of six years and one year, respectively, and the relatively straightforward nature of this case, the court finds a reasonable hourly rate is $100 for Ms. Kennedy and, on the current record, $85 for Ms. Dingler.

Applying these rates to the hours awarded above, the lodestar in this case is $135,920.10, calculated as follows:

| Attorney/Paralegal | Hours | Rate | Amount |
|---|---|---|---|
| Catherine M. Corfee | 357.86 | $300 | $107,358 |
| Zachary Best | 78.2 | $285 | $22,287 |
| Arash Khosrowshahi | 44.26 | $150 | $6,639 |
| Tenieshsa Kennedy | 5.49 | $100 | $549 |
| Rebecca Dingler | 12.26 | $85 | $1,042.10 |
| TOTAL | | | $137,875.10 |

3.     Adjustments to the Lodestar

As stated above, plaintiffs do not seek an upward adjustment or application of a multiplier to the lodestar amount.  And for the reasons discussed above, defendants' arguments do not warrant a downward adjustment of the lodestar beyond the reductions already made in determining the reasonable hours and hourly rates.  In light of the strong presumption that the lodestar represents a reasonable fee, the court does not adjust the lodestar figure. *See Del. Valley Citizens' Council for Clean Air*, 478 U.S. at 565.

B.     Costs

Plaintiffs also seek $8,590.94 in costs for filing fees, expert fees, process server fees, deposition fees, and online research fees.  Mot. at 19; Corfee Decl. ¶¶ 51–55 & Exs. E–I. Defendants do not object to these costs.

Costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise.  Fed. R. Civ. P. 54(d).  The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute.  *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579–80 (9th Cir. 2010).  In an action under the ADA, the prevailing party is entitled to recover "a reasonable attorney's fee, including litigation expenses, and costs."  42 U.S.C. § 12205; *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002); s*ee Moore v. Cisneros*, No. 12-00188, 2012 WL 6523017, at *9 (E.D. Cal. Dec. 13, 2012) (citing *Lovell*, 303 F.3d at 1058) (finding filing fee, costs of service, and property inspection fee compensable), *adopted in full by* Order, Jan. 15, 2013, No. 12-00188.  Here, plaintiffs' fees and costs of service are compensable and should be awarded.

IV.     CONCLUSION

For the foregoing reasons, the court GRANTS IN PART plaintiffs' motion. Defendants are directed to pay plaintiffs $137,875.10 in attorney's fees and $8,590.94 in costs.

IT IS SO ORDERED.

DATED:  September 14, 2016.

_____
UNITED STATES DISTRICT JUDGE

11